IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

FILED-CLERK
U.S. DISTRICT COURT
2011 MAY 25 PM 4:05
TEXAS-EASTERN

| | | |
|---|---|---|
| JOHN K. GOODROW<br>Plaintiff,<br><br>v.<br><br>FRIEDMAN & MACFADYEN, P.A.,<br>AND JOHNIE R. MUNCY<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 4:11 mc 32 - Judge Schneider<br><br>CIVIL ACTION<br>No. 3:11-cv-020JRS<br><br><br>Pending in the District of Columbia |

## MOTION TO QUASH SUBPOENA

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Federal National Mortgage Association ("Fannie Mae"), a non-party to this proceeding, and files this motion to quash John K. Goodrow's subpoena[1] commanding it to produce documents, information or objects in *John K. Goodrow v. Friedman & MacFadyen, P.A., and Johnie R. Muncy*, an action in the United States District Court for the District of Columbia. The subpoena is facially invalid because it violates Federal Rule of Civil Procedure § 45 ("Rule 45"). Therefore, pursuant to Rule 45 Fannie Mae requests that this court quash the subpoena and grant Fannie Mae such other and further relief to which it may show itself justly entitled.

### JURISDICTION

This court has jurisdiction to hear this matter pursuant to Rules 45. *See, e.g., Houston Bus. Journal, Inc. v. Office of the Comptroller of the Currency, United States Dep't of the Treasury*, 86 F.3d 1208, 1212 (D.C. Cir. 1996) ("any motion to quash or modify a subpoena . . .

---

[1] *See* Exhibit "A" (attached).

is decided by the issuing court, not the court before which the underlying action is pending," citing Fed. R. Civ. P. §§ 45(a)(2) and (c)(3)(A)).

## ARGUMENT AND AUTHORITY

The Federal Rules of Civil Procedure require the issuance of a subpoena for production or inspection be made from the district where the production or inspection is to be made.[2] Here, the ongoing litigation is pending in the United States District Court for the District of Columbia and the documents are required to be produced at Plaintiff's counsel's law firm in Alexandria, Virginia, but the subpoena was issued from the United States District Court for the Eastern District of Texas. Thus, the subpoena was not issued from the district where the production is to be made.

The United States District Court of the Eastern District of Texas is not only the issuing court but it is also the enforcement court under Rule 45. In *Dynegy Midstream*, the Second Circuit Court of Appeals held "[n]ot only is service of process geographically limited by Rule 45, but enforcement proceedings are too." *Dynegy Midstream Servs. v. Trammochem*, 451 F.3d 89, 95 (2d Cir. 2006). Pursuant to Rule 45 "a nonparty's failure to obey *must* be excused if the subpoena purports to require the nonparty to attend or *produce* at a place outside the limits of Rule 45(c)(3)(A)(ii)."[3] Therefore, reading both sections of the rule in conjunction with each other the United States District Court for the Eastern District of Texas (the court that issued the subpoena) must quash or modify the subpoena. *See* Fed. R. Civ. P. 45(c)(3)(A)(ii) and (e). While it is not a violation of Rule 45's 100-mile limit to require a nonparty to produce documents outside the 100-mile geographical limitation. *See, e.g., Stewart v. Mitchell Transp.*, 2002 U.S. Dist. Lexis 12958, *8 (D. Kan. 2002) (rejecting defendants' objections that the subpoenas were

---

[2] Fed. R. Civ. P. 45(a)(2)(C).
[3] Fed. R. Civ. P. 45(e) (emphasis added).

2

served outside the 100-mile geographical limitation provided for in Rule 45(b)(2)). But even the *Stewart* court emphasized that "such document subpoenas *must* issue from the district in which the production is to take place." *Id.* at *9. Accordingly, this subpoena is facially invalid and should be quashed.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Fannie Mae respectfully requests that this court grant its motion to quash the subpoena and for such other and further relief, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

*[signature]*

Everett New
   State Bar No. 24046518
Sammy P. Hooda
   State Bar No. 24064032
BRICE, VANDER LINDEN & WERNICK, P.C.
9441 LBJ Freeway, Suite 250
Dallas, Texas 75243
Telephone: (972) 643-6643
Facsimile: (972) 643-6699
*Attorney for Federal National Mortgage Association*

## CERTIFICATE OF CONFERENCE

I hereby certify that I personally attempted to contact Plaintiff's Counsel, Leonard A. Bennett, to discuss whether Plaintiff opposes Federal National Mortgage Association's Motion to Quash Subpoena on May 25, 2011 by telephone and left a message. I certify that I received no response to the attempt to conference with Counsel and therefore submit the Motion as opposed.

*[signature]*
Everett New

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing to be served via email and U.S. mail, on this the 20th day of May, 2011, on the following counsel:

Leonard A. Bennett, Esquire
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314
lenbennett@clalegal.com

Andrew Biondi, Esquire
Sands Anderson, P.C.
1111 E. Main Street, Suite 2400
P.O. Box 1998
Richmond, Virginia 23219
abiondi@sandsanderson.com

Andrew T. Rich, Esquire
Friedman & MacFadyen, P.A.
Surry Building, Suite 250
1601 Rolling Hills Drive
Richmond, Virginia 23229
trich@fmlaw.com

*[signature]*
Everett New